## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

**MARY E. BEASLEY,**

    Plaintiff,

v.

**UNIVERSITY OF MIAMI,**

    Defendant.

_____/

NEW S.D. FLA. CASE NO.: 1:21-cv-23914

ORIGINAL S.D. FLA. CASE NO.: 1:21-cv-22260-BLOOM

### DEFENDANT'S SECOND NOTICE OF REMOVAL TO FEDERAL COURT

Defendant, University of Miami (the "University"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby files this Second Notice of Removal of the above-captioned case from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, in which it is now pending, to the United States District Court for the Southern District of Florida.[1] In support hereof, the University states as follows:

1. Plaintiff, Mary E. Beasley, commenced the above-styled action by filing a Complaint against the University in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Case No. 2020-011380-CA (31), on May 29, 2020. Plaintiff's Complaint alleged two claims under Florida state law: (1) discrimination in violation of the Florida Civil Rights Act ("FCRA"); and (2) retaliation in violation of the FCRA.

---

[1] Successive/multiple removals are permitted, "provided that the subsequent removal petition alleges a different factual basis for seeking removal and otherwise meets the requirements of section 1446(b)." *Sibilia v. Makita Corp.*, 782 F. Supp. 2d 1329, 1331 (M.D. Fla. 2010) (collecting cases). As discussed *infra*, this Notice of Removal is premised on an entirely different ground (diversity jurisdiction) than the prior Notice of Removal (federal-question jurisdiction). Further, this Notice of Removal is premised on facts unknown to the University at the time of its earlier removal.

2.      Plaintiff did not serve the University with initial process until April 9, 2021 - - nearly eleventh months after the lawsuit was filed.

3.      On May 19, 2021, the University moved to dismiss Plaintiff's Complaint. In response to the University's motion to dismiss, on June 8, 2021, Plaintiff filed a First Amended Complaint as of right pursuant to Fla. R. Civ. P. 1.190(a). Therein, Plaintiff alleged eight claims: (1) discrimination in violation of the FCRA; (2) discrimination and harassment in violation of the FCRA; (3) retaliation in violation of the FCRA; (4) violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4; (5) violation of 29 C.F.R. § 2590.606-4(b)(4)(xii); (6) violation of 29 C.F.R. § 2590.606-4(b)(4)(vi); (7) violation of 29 C.F.R. § 2590.606-4(b)(4); and (8) a class claim for violation of 29 U.S.C. § 1166(a) and 29 C.F.R.§ 2590.606-4. The First Amended Complaint was the first time that Plaintiff asserted any claims arising under federal law.

4.      Accordingly, on June 21, 2021, the University timely filed a Notice of Removal and timely removed this case to federal court pursuant to federal-question jurisdiction under 28 U.S.C. §§ 1441(a), 1446(b). The case was assigned Case No. 1:21-cv-22260-BLOOM.

5.      On July 6, 2021, the parties filed a Joint Stipulation of Dismissal with Prejudice of all of Plaintiff's claims arising under federal law. (Case No. 1:21-cv-22260, D.E. 11.) That left pending only Plaintiff's claims arising under state law. Accordingly, on July 8, 2021, the Honorable Beth Bloom declined to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and remanded the case to state court. (Case No. 1:21-cv-22260, D.E. 13.)

6.      Immediately after remand, on July 9, 2021, the University filed a Motion to Dismiss Plaintiff's First Amended Complaint. On October 20, 2021, the state court dismissed Plaintiff's First Amended Complaint for failure to state a claim but provided Plaintiff with leave to amend. On November 1, 2021, Plaintiff filed her operative Second Amended Complaint, which asserts

three claims under state law: (1) discrimination on the basis of sex in violation of the FCRA; (2) discrimination on the basis of disability or perceived disability in violation of the FCRA; and (3) retaliation in violation of the FCRA.[2]

7. Critically, in Paragraph 2 of Plaintiff's Complaint, First Amended Complaint and Second Amended Complaint, Plaintiff alleges that she "was and continues to be a resident of Miami-Dade County, Florida." Further, none of her pleadings contains specific allegations to quantify her damages for her FCRA claims, other than a general allegation to meet the jurisdictional requirements of Miami-Dade County Circuit Court.

8. Meanwhile, on July 9, 2021 (the day after this case was remanded), the University propounded comprehensive discovery upon the Plaintiff (requests for production, requests for admissions and interrogatories). Under applicable rules, Plaintiff's responses were due on or before August 9, 2021. Plaintiff, however, moved for a protective order and to stay all discovery pending resolution of the University's Motion to Dismiss. Due to the state court's calendar, the earliest that Plaintiff's motion could be set for hearing was September 14, 2021. Following that hearing, the state court denied Plaintiff's motion to stay; ordered Plaintiff to respond to the University's discovery requests on or before October 6, 2021; and reserved jurisdiction to award the University its attorneys' fees and costs in connection with Plaintiff's motion.

---

[2] The University has not yet responded to the Second Amended Complaint. Pursuant to Fla. R. Civ. P. 1.190(a), the University's response is due on or before November 12, 2021. Upon removal, Fed. R. Civ. P. 81(c)(2) provides that a "defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods: (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or (C) 7 days after the notice of removal is filed." Accordingly, the University believes that its response to the Second Amended Complaint is due on or before November 12, 2021 (7 days after this Notice of Removal was filed).

9.      On October 6, 2021, Plaintiff served her responses to the University's discovery requests and produced responsive documents. Therein, Plaintiff revealed - - for the first time and under penalty of perjury - - that she resided in Tennessee when this lawsuit initially was filed and that the amount in controversy exceeds $75,000.00, exclusive of interest, attorneys' fees and costs. To be clear, in her sworn interrogatory answers, Plaintiff averred that she "moved to Nashville, Tennessee on March 19 of 2020" and that "returned from Tennessee" in "the beginning of 2021." (Interrog. Resp. No. 18.)[3] Plaintiff further averred that she is "seeking damages totaling at least $313,401.54" and provided calculations for those damages. (Interrog. Resp. No. 20.)

10.     Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11.     Pursuant to 28 U.S.C. § 1332(a)(1), the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

12.     It is well-established that subject-matter jurisdiction premised on diversity is determined at the time the complaint is filed. *Archer v. Nichols*, No. 8:16-CV-3067-T-36AAS, 2019 WL 3308243, at *3 (M.D. Fla. Mar. 6, 2019) (citing *Grupo Dataflux v. Atlas Global Grp., L.P,*, 541 U.S. 567, 570-71 (2004) and *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000)). "If complete diversity existed at the time of filing, then subsequent events or a party's change of citizenship generally will not divest the court of jurisdiction." *Huls v. B & E*

---

[3]     As noted above, her initial Complaint was filed on May 29, 2020 - - approximately two months *after* she moved to Tennessee.

*Elec., Inc.*, No. 611CV341ORL35KRS, 2011 WL 13298770, at *3 (M.D. Fla. Oct. 4, 2011) (citing *Iraola*, 232 F.3d at 860-61).

13. Here, at the time of filing, there was complete diversity between the parties. Plaintiff was a citizen of Tennessee, and the University of Miami (a Florida not-for-profit corporation with its principal place of business in Florida) was a citizen of Florida. Further, the amount in controversy exceeds $75,000.00.

14. Title 28 U.S.C. § 1446(b)(3) provides that, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." For purposes of establishing diversity jurisdiction, the term "other paper" includes a party's "responses to discovery." 28 U.S.C. § 1446(C)(3)(A). *See also Draskovich v. Target Corp.*, No. 615CV483ORL37TBS, 2015 WL 13560098, at *1 (M.D. Fla. Apr. 27, 2015) ("'Other paper' includes documents in the state court record, responses to discovery, and correspondence from a plaintiff.").

15. The University recognizes that, pursuant to 28 U.S.C. § 1446(c)(1), a case may not be removed based on diversity "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." Here, however, the requisite bad faith exists.

16. For example, "courts have found plaintiffs acted in bad faith when they delayed litigating their claims and concealed jurisdictional information from defendants." *Sloss v. Tyson Fresh Meats*, No. 418CV00286RGEHCA, 2018 WL 9815609, at *3 (S.D. Iowa Dec. 17, 2018) (citing *KUM & GO, L.C. v. Veeder-Root Co.*, No. 4:13-CV-00446-JEG, 2014 WL 11514687, at

5

*4 (S.D. Iowa Feb. 24, 2014)). Further, "courts have found bad faith when 'plaintiffs failed to take any discovery from a defendant or failed to serve them within the one-year period of limitation.'" *Kolova v. Allstate Ins. Co.*, 438 F. Supp. 3d 1192, 1197 (W.D. Wash. 2020) (quoting *Heacock v. Rolling Frito-Lay Sales, LP*, No. C16-0829-JCC, 2016 WL 4009849, at *3 (W.D. Wash. July 27, 2016)).

17. "Courts have also found bad faith when plaintiffs have intentionally delayed disclosure of the amount in controversy until after the one-year limitation passed." *Hajdasz v. Magic Burgers, LLC*, No. 618CV1755ORL22KRS, 2018 WL 7436133, at *2 (M.D. Fla. Dec. 10, 2018) (collecting cases). *See also Hiser v. Seay*, No. 14-CV-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014) (district court found bad faith when plaintiffs intentionally delayed proceedings until one year passed because of a desire to keep the case in state court); *Comer v. Schmitt*, No. 15-CV-2599, 2015 WL 5954589 (S.D. Ohio Oct. 14, 2015) (finding bad faith where the plaintiffs engaged in "intentional inaction that prevented" timely removal).

18. Finally, "[i]f the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." 28 U.S.C. § 1446(c)(3)(B).

19. On this record, it cannot reasonably be disputed that Plaintiff has acted in bad faith. Her pleadings affirmatively misrepresented that she "was and continues to be a resident of Miami-Dade County, Florida," even though, at the time of filing this lawsuit, Plaintiff resided in Tennessee. Plaintiff waited nearly eleven months after filing this lawsuit to serve the University with initial process, thereby depriving the University an opportunity to discover into Plaintiff's true citizenship and establish the facts necessary for removal within one year. Finally, Plaintiff

attempted to conceal the facts necessary to establish diversity jurisdiction by filing a meritless motion for protective order and/or a discovery stay (which motion was so frivolous that the state court reserved jurisdiction to award the University its attorneys' fees and costs in connection therewith). For each and all of these reasons, Plaintiff acted in bad faith to prevent removal.

20. Pursuant to Title 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely. This case became removable as of October 6, 2021, when Plaintiff first disclosed her true citizenship at the time of filing and first disclosed the amount in controversy. This Notice of Removal is being filed within 30 days of the University's receipt of this information, from which it first ascertained that the case is removable.

21. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal has been signed by counsel for the University pursuant to Fed. R. Civ. P. 11.

22. Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal contains "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the University in this action.

23. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be served on counsel for Plaintiff and will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida.

Respectfully submitted,

**ISICOFF RAGATZ**
601 Brickell Key Drive, Suite 750
Miami, Florida 33131
Tel.: (305) 373-3232
Fax: (305) 373-3233

By: /s/ Christopher M. Yannuzzi
    Eric D. Isicoff
    Florida Bar No. 372201
    Isicoff@irlaw.com
    Teresa Ragatz
    Florida Bar No. 545170
    Ragatz@irlaw.com
    Christopher M. Yannuzzi
    Florida Bar No. 0092166
    Yannuzzi@irlaw.com
    Jordan D. Isicoff
    Florida Bar No. 1004162
    Jordan@irlaw.com

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was served via e-Mail and CM/ECF this 5th day of November, 2021, upon the following:

**REMER & GEORGES-PIERRE, PLLC**
Anthony M. Georges-Pierre, Esq.
Max L. Horowitz, Esq.
44 West Flagler Street, Suite 2200
Miami, FL 33130
Tel.: (305) 416-5000
Fax: (305) 416-5005
E-mail: agp@rgpattorneys.com
E-mail: mhorowitz@rgpattorneys.com

By: /s/ Christopher M. Yannuzzi
    Christopher M. Yannuzzi